# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| **NELSON WORLDWIDE, LLC**<br>100 South Independence Mall West<br>Suite 500<br>Philadelphia, PA 19106,<br><br>**Plaintiff,**<br><br>v.<br><br>**PINBAR ARCHITECTURE, LLC**<br>c/o Robert Wilson Ausdenmoore<br>7391 Vista View Circle<br>Harrison, OH 45030,<br><br>**ROBERT WILSON AUSDENMOORE**<br>7391 Vista View Circle<br>Harrison, OH 45030,<br><br>**ROBERT ANTHONY RINK**<br>5417 Gwendolyn Ridge<br>Cincinnati, OH 45238,<br><br>**Defendants.** | Case No. _____<br><br>Judge _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Nelson Worldwide, LLC f/k/a Nelson Worldwide, Inc. ("Plaintiff"), by and through counsel, files this Complaint against Defendants Pinbar Architecture, LLC ("Pinbar"), Robert Wilson Ausdenmoore ("Ausdenmoore"), and Robert Anthony Rink ("Rink") (Pinbar, Ausdenmoore, and Rink, collectively, "Defendants") and states as follows:

## PARTIES

1.  Plaintiff is a Pennsylvania limited liability company with an office located at 100 South Independence Mall West, Suite 500, Philadelphia, Pennsylvania 19106 with an additional location at 201 East 4th Street, Suite 1700, Cincinnati, Ohio 45202 (the "Cincinnati Office").

2.  Pinbar is an Ohio limited liability company and, upon information and belief,

maintains its principal place of business at 7391 Vista View Circle, Harrison, Ohio 45030.

3. Ausdenmoore is an individual residing at 7391 Vista View Circle, Harrison, Ohio 45030, who was employed with Plaintiff in the Cincinnati Office as Director of Business Development until April 28, 2023.

4. Rink is an individual residing at 5417 Gwendolyn Ridge, Cincinnati, Ohio 45238, who was employed with Plaintiff in the Cincinnati Office as Vice President and Studio Leader and served as an Architect of Record until May 17, 2023.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise, in part, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to its federal law claims that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Ausdenmoore because he has consented to jurisdiction within the Commonwealth of Pennsylvania by way of a Non-Disclosure, Non-Solicitation, and Property Rights Agreement (the "Ausdenmoore Agreement"). A true and accurate copy of the Ausdenmoore Agreement is attached hereto as **EXHIBIT A**. Paragraph 5.5 of the Ausdenmoore Agreement states, in relevant part:

> Any suit, action or proceeding concerning any disputes, controversies, or claims arising out of or relating to this Agreement *** shall be instituted with a state or federal court of competent jurisdiction located in Philadelphia, Pennsylvania and **each party irrevocably submits to the jurisdiction and venue of such court for such purposes**.

(Emphasis added.)

8. Venue is proper for all claims against Ausdenmoore because the Ausdenmoore Agreement contains a forum selection clause. *Id*.

9. This Court has personal jurisdiction over Rink because he has consented to jurisdiction within the Commonwealth of Pennsylvania by way of a Non-Disclosure, Non-Solicitation, and Property Rights Agreement (the "Rink Agreement"). A true and accurate copy of the Rink Agreement is attached hereto as **EXHIBIT B**. Paragraph 5.5 of the Rink Agreement states, in relevant part:

> Any suit, action or proceeding concerning any disputes, controversies, or claims arising out of or relating to this Agreement *** shall be instituted with a state or federal court of competent jurisdiction located in Philadelphia, Pennsylvania and **each party irrevocably submits to the jurisdiction and venue of such court for such purposes**.

(Emphasis added.)

10. Venue is proper for all claims against Rink because the Rink Agreement contains a forum selection clause. *Id*.

11. This Court has personal jurisdiction over Pinbar because Pinbar has engaged in conduct by which it has purposefully availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania, and Plaintiff's claims arise, in part, out of and related to Pinbar's contacts within the Commonwealth of Pennsylvania. Further, Pinbar participated in conspiracy with Ausdenmoore and Rink to unlawfully obtain and use Plaintiff's confidential information for the benefit of Pinbar and should, therefore, be forced to defend itself in the same forum as Ausdenmoore and Rink.

12. Venue is proper for all claims against Pinbar because Pinbar is subject to personal jurisdiction within the Eastern District of Pennsylvania.

3

## STATEMENT OF FACTS

## NELSON WORLDWIDE, LLC

13. Plaintiff is an award-winning multidisciplinary architecture, interior design, graphic design, and brand strategy firm with nearly 600 employees working across several different offices.

14. Plaintiff has invested significant time, expense, and resources to build its business, image, and relationships with both its clients and its employees. Plaintiff has established a valuable and substantial reputation as an industry leader in architecture and design.

15. In or around January 2018, Plaintiff acquired FRCH Design Worldwide ("FRCH"), an architecture firm headquartered in Cincinnati, Ohio. Prior to the acquisition, FRCH employed both Ausdenmoore and Rink.

16. As part of the acquisition, each of Ausdenmoore and Rink became employees of Plaintiff.

17. Most recently, Plaintiff employed Ausdenmoore as Director of Business Development and Rink as Vice President, Studio Leader, and an Architect of Record.

18. Throughout their tenure with Plaintiff, Ausdenmoore and Rink had access to the identities of Plaintiff's customers—including prospective customers—among other confidential information that is not known to the public including, but not limited to, pricing formulae, marketing strategies, sources of supply, and designs (the "Trade Secrets").

19. Plaintiff has expended significant effort and incurred substantial expense in developing and maintaining its Trade Secrets as well as its valuable relationships with both its clients and its employees.

20. In order to protect its legitimate business interests, Plaintiff required each of Ausdenmoore and Rink to execute, respectively, the Ausdenmoore Agreement and the Rink

4

Agreement, which agreements are substantively identical and will hereinafter be referred to, collectively, as the "NDA."

21. Ausdenmoore voluntarily executed the NDA on January 19, 2018. *See* Ex. A.

22. Rink voluntarily executed the NDA on January 12, 2018. *See* Ex. B.

23. The NDA states, in relevant part:

> I acknowledge that all Confidential Information is the confidential and exclusive property of NELSON and may not be disclosed to anyone for any purpose whatsoever except to employees of NELSON in furtherance of NELSON's business. I shall not disclose to any other person or entity any of the Confidential Information, without the prior written consent of NELSON. **I shall not make any use of Confidential Information except in the discharge of my obligations and duties while engaged by NELSON.**
>
> ***
>
> During the period that I am engaged by NELSON to render services and for a period of one (1) year thereafter, I covenant and agree that I shall not *** directly or indirectly, (i) **solicit, induce, divert, employ, engage or otherwise interfere with any of NELSON's employees**, agents or 1099 consultants, and/or (ii) solicit or otherwise do business with any current customer or known potential customer of NELSON as of my termination date so as to offer, sell or provide any product or services that would be competitive with any products or services sold, provided or being developed by NELSON ***.
>
> ***
>
> I agree that all ideas, designs, discoveries, inventions, and improvements relating to NELSON's business, Nelson's actual or demonstrably anticipated research or development, or any other subject matter which comes to my attention by virtue of my association with NELSON *** **shall be considered a work made for hire and shall be the sole and exclusive property of NELSON.**

*See* Exs. A, B.

24. The NDA goes on to state that "the rights and obligations created under this Agreement shall survive the expiration or termination for any reason of *** engagement with NELSON." Exs. A, B, ¶ 5.1.

25. On March 31, 2023, Ausdenmoore submitted his notice of resignation, noting he "[had] not accepted an offer to another organization or even been actively interviewing anywhere."

26. On April 17, 2023, Rink submitted his notice of resignation.

27. Ausdenmoore's last day of employment with Plaintiff was April 28, 2023.

28. Rink's last day of employment with Plaintiff was May 17, 2023.

## PINBAR ARCHITECTURE, LLC

29. On May 17, 2023, Ausdenmoore executed and filed with the State of Ohio Articles of Organization for a Domestic Limited Liability Company (the "Articles of Organization") for Pinbar. A true and accurate copy of the Articles of Organization are attached hereto as **EXHIBIT C**.

30. According to Ausdenmoore's LinkedIn profile (the "Ausdenmoore LinkedIn Profile"), Ausdenmoore is Pinbar's Managing Director and CMO. A true and accurate screenshot of the Ausdenmoore LinkedIn Profile as of September 22, 2023, is attached hereto as **EXHIBIT D**.

31. According to Rink's LinkedIn profile (the "Rink LinkedIn Profile"), Rink is Pinbar's Project Architect and CAO. A true and accurate screenshot of the Rink LinkedIn Profile as of September 22, 2023, is attached hereto as **EXHIBIT E**.

32. Shane Kavanagh ("Kavanagh"), former Senior Vice President for Plaintiff, identifies himself as Chief Executive Officer for Pinbar on his LinkedIn profile (the "Kavanagh

6

LinkedIn Profile"). A true and accurate screenshot of the Kavanagh LinkedIn Profile as of September 22, 2023, is attached hereto as **EXHIBIT F**. Kavanagh's last date of employment with Plaintiff was May 19, 2023.

33. According to its website, "Pinbar Architecture and Design was founded in 2023 with the goal of creating scalable and design-sensitive architecture solutions for [its] client partners." The website goes on to state that Pinbar has "experience that spans the retail, financial services, restaurant, healthcare, and travel sectors" and offers services such as design development and construction administration, among others. *See* www.pinbar-ad.com/aboutus, last accessed September 22, 2023. Simply put, Pinbar is a competitor of Plaintiff's.

34. Though Ausdenmoore did not file Pinbar's Articles of Organization until May 17, 2023, Rink was conducting budgeting exercises (the "Budgeting Exercises") related to the formation of an architectural entity as early as February 5, 2023. Upon information and belief, the Budgeting Exercises related to the formation of Pinbar.

35. The Budgeting Exercises thoroughly describe and estimate operating costs—including a $120,000 annual salary for Kavanagh as CEO, a $120,000 annual salary for Rink as CAO, and a $115,000 annual salary for Ausdenmoore as Managing Director. A true and accurate copy of the Budgeting Exercises is attached hereto as **EXHIBIT G**.

36. On March 1, 2023, Rink emailed the Budgeting Exercises from his work-issued email address to Erin.Rink@ymail.com with the subject line, "Pinbar to print." Upon information and belief, Erin Rink is Rink's spouse. A true and accurate copy of the March 1, 2023 email is attached hereto as **EXHIBIT H**.

**VIOLATIONS OF THE NDA**

37. Upon information and belief, Rink solicited and/or induced Ausdenmoore to leave

Plaintiff's employ for employment with Pinbar. In the alternative, and upon information and belief, Ausdenmoore solicited and/or induced Ausdenmoore to leave Plaintiff's employ for employment with Pinbar.

38. Upon information and belief, Ausdenmoore and Rink worked in concert to solicit and/or induce Kavanagh to join the employ of Pinbar.

39. Upon information and belief, Ausdenmoore and Rink worked—or are currently working—in concert to solicit and/or induce Nicole McDevitt, a Principal and Project Services Leader for Retail and Hospitality with Plaintiff, to join the employ of Pinbar.

40. Upon information and belief, Ausdenmoore and Rink worked—or are currently working—in concert to solicit and/or induce Scott Rink, an Associate Principal and Studio Leader for Retail with Plaintiff, to join the employ of Pinbar.

41. In the scope and course of Ausdenmoore's employment with Plaintiff, he had nearly unfettered access to Plaintiff's Trade Secrets—particularly those related to Plaintiff's marketing strategies, pricing structures, and targeted customers all of which, in the hands of a competitor, would significantly undercut Plaintiff's presence in the market.

42. Upon information and belief, Ausdenmoore has been unlawfully utilizing Plaintiff's Trade Secrets to the benefit of Pinbar in order to gain competitive edge in the market.

43. In the scope and course of Rink's employment with Plaintiff, he also had nearly unfettered access to Plaintiff's Trade Secrets including Plaintiff's pricing formulae, designs, and supply sources all of which—like the other Trade Secrets—could prove catastrophic to Plaintiff if in the hands of a competitor.

44. Upon information and belief, Rink has been unlawfully utilizing Plaintiff's Trade Secrets to the benefit of Pinbar in order to gain competitive edge in the market.

## PINBAR'S FALSE ADVERTISEMENTS

45. Among other things, Pinbar's website features a tab labeled "Projects" within which tab viewers have access to photos from eight different ventures purporting to be "a combination of Pinbar projects, and collaborative team member efforts with other firms prior to [Pinbar's] founding." (the "Pinbar Projects Tab"). *See* www.pinbar-ad.com/projects, last accessed September 22, 2023.

46. The Pinbar Projects Tab, however, features works performed by and belonging to Plaintiff.

47. For example, the Pinbar Projects Tab identifies a remodel for Kate Spade (the "Kate Spade Project"), noting that "Pinbar's signing architect has stamped and sealed construction documents for their full portfolio of fashion, accessory, and footwear brands[,]" and that "[b]eginning with site investigations and due diligence, [Pinbar's] architect of record created site-specific test fits using *** existing brand standards, before expanding these into full construction documents." *See* www.pinbar-ad.com/projects/tapestry, last accessed September 22, 2023. Upon information and belief, Pinbar is referring to Rink when it refers to its architect of record.

48. Notably, however, Rink billed only one (1) hour to the Kate Spade Project throughout the entire duration of the remodel.

## COUNT I
## BREACH OF CONTRACT
## AGAINST AUSDENMOORE AND RINK

49. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

50. The Ausdenmoore Agreement is a valid and binding agreement between Plaintiff and Ausdenmoore.

51.     Likewise, the Rink Agreement is a valid and binding agreement between Plaintiff and Rink.

52.     The NDA prohibits, among other things, disclosure of Plaintiff's Trade Secrets as well as the use of Plaintiff's Trade Secrets for the benefit of any person or entity other than Plaintiff.

53.     Despite such prohibition, and upon information and belief, Ausdenmoore and Rink have used—and continue to use—Plaintiff's Trade Secrets for the benefit of Pinbar.

54.     The NDA further prohibits both Ausdenmoore and Rink from soliciting or interfering with the employment of any of Plaintiff's employees, agents, or consultants.

55.     Despite this, Ausdenmoore and Rink have worked in concert to solicit and recruit Plaintiff's employees—including one another.

56.     Additionally, the NDA instructs each of Ausdenmoore and Rink that all subject matter conceived during their employment with Plaintiff constitutes work made for hire that is the sole and exclusive property of Plaintiff.

57.     However, both Ausdenmoore and Rink have misappropriated the works of Plaintiff, such as the Kate Spade Project, for the benefit of Pinbar.

58.     Accordingly, Ausdenmoore and Rink are in breach of the NDA.

59.     As a consequence of the foregoing, Plaintiff has suffered irreparable harm and damages.

60.     Unless Ausdenmoore and Rink are temporarily, preliminarily, and permanently enjoined from their ongoing breach, Plaintiff will continue to suffer irreparable harm and damages.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT
## AGAINST PINBAR

61. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

62. The Ausdenmoore Agreement is a valid and binding agreement between Plaintiff and Ausdenmoore.

63. Likewise, the Rink Agreement is a valid and binding agreement between Plaintiff and Rink.

64. As both Ausdenmoore and Rink are officers of Pinbar, Pinbar has constructive knowledge of the NDA.

65. Pinbar also has constructive knowledge of the conduct of both Ausdenmoore and Rink including, but not limited to, their use of Plaintiff's Trade Secrets for the benefit of Pinbar.

66. Upon information and belief, Pinbar continues to induce Ausdenmoore and Rink to breach their covenants to Plaintiff, and Pinbar continues to benefit from its use of Plaintiff's Trade Secrets.

67. Pinbar has neither the privilege to nor the justification for use of Plaintiff's Trade Secrets.

68. Pinbar's conduct has diluted the value of Plaintiff's Trade Secrets and undercut its competitive edge in the market.

69. As a consequence of the foregoing, Plaintiff has suffered irreparable harm and damages.

70. Unless Pinbar is temporarily, preliminarily, and permanently enjoined from its ongoing improper conduct, Plaintiff will continue to suffer irreparable harm and damages.

## COUNT III
### MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836, *et seq.*, AGAINST ALL DEFENDANTS

71. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

72. Plaintiff owns and possesses substantial Trade Secrets that it utilizes in its business. The Trade Secrets derive independent economic value from not being generally known or readily ascertainable by those who could obtain economic value from their disclosure or use.

73. Accordingly, Plaintiff has taken reasonable efforts to maintain the secrecy of the Trade Secrets including, without limitation, requiring its employees to execute confidentiality and non-disclosure agreements upon hire.

74. The Trade Secrets include, among other things, designs, marketing strategies, supply sources, and pricing formulae, all of which provide Plaintiff with substantial financial advantages over its competitors, including Pinbar.

75. Upon information and belief, Ausdenmoore and Rink have disclosed and used Plaintiff's Trade Secrets to the benefit of Pinbar without Plaintiff's consent despite Ausdenmoore and Rink being parties to the NDA containing, among other things, an obligation not to disclose Plaintiff's Trade Secrets to the benefit of a competitor.

76. Upon information and belief, Pinbar continues to rely upon Plaintiff's Trade Secrets for its own benefit despite having constructive knowledge of the NDA between Plaintiff and each of Ausdenmoore and Rink.

77. As a consequence of the foregoing, Plaintiff has suffered irreparable harm and damages.

78. Unless Defendants are temporarily, preliminarily, and permanently enjoined from their ongoing improper conduct, Plaintiff will continue to suffer irreparable harm and damages.

## COUNT IV
## CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

79. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

80. Each of the Defendants is aware of the restrictive covenants contained within the NDA.

81. Despite the valid, binding obligations set forth in the NDA, Defendants have worked—and continue to work—in concert to violate the terms of the NDA including breach of the confidentiality and non-solicitation covenants as set forth herein.

82. Defendants were—and continue to be—aware that their actions are unlawful and lack justification.

83. Upon information and belief, Ausdenmoore and Rink began conspiring to violate the NDA as early as three months prior to their respective resignations from Plaintiff's employ. Accordingly, upon information and belief, Ausdenmoore and Rink—and now Pinbar—have engaged in their unlawful breach of the NDA for the purpose of causing injury to Plaintiff.

84. Defendants' conduct has diluted the value of Plaintiff's Trade Secrets and undercut its competitive edge in the market.

85. As a consequence of the foregoing, Plaintiff has suffered irreparable harm and damages.

86. Unless Defendants are temporarily, preliminarily, and permanently enjoined from their ongoing improper conduct, Plaintiff will continue to suffer irreparable harm and damages.

## COUNT V
## FALSE ADVERTISING IN VIOLATION OF
## THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B),
## AGAINST PINBAR

87. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

88. Despite Pinbar having only been organized in May 2023, the Pinbar Projects Tab leads consumers to believe it has a full portfolio of work including the design and construction administration of eight projects consisting of substantial outlet mall remodels, restaurants, and theme park retail gift shops.

89. However, the Pinbar Projects Tab actually features work product completed by and belonging to Plaintiff.

90. Pinbar's display of Plaintiff's work product as its own is deceptive and likely to cause confusion to consumers.

91. For example, Pinbar's statement that its architect had significant involvement in the Kate Spade Project is categorically false given Rink billed only a single hour of time to that remodel.

92. Pinbar's representations on the Pinbar Projects Tab are likely to influence consumers' decisions with respect to their purchases of architectural and design services.

93. Pinbar solicits its services throughout the United States of America as well as several Canadian provinces. Accordingly, Pinbar is engaged in interstate commerce.

94. There is a strong likelihood that Plaintiff will suffer injury should Pinbar continue to represent Plaintiff's work product as its own, such as diversion of sales and dilution of Plaintiff's competitive edge in the market.

95. Unless Pinbar is temporarily, preliminarily, and permanently enjoined from its ongoing improper conduct, Plaintiff will continue to suffer irreparable harm and damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

(a) Preliminarily and permanently enjoin Ausdenmoore and Rink from continuing to breach the NDA;

(b) Preliminarily and permanently enjoin Pinbar from continuing to tortiously interfere with the NDA;

(c) Preliminarily and permanently enjoin Defendants from using and/or disclosing Plaintiff's Trade Secrets and/or other confidential information;

(d) Preliminarily and permanently enjoin Pinbar from engaging in false advertisement of services;

(e) Award compensatory damages in favor of Plaintiff and against Defendants in an amount to be proven at trial;

(f) Award pre-judgment interest in favor of Plaintiff and against Defendants;

(g) Award Plaintiff attorneys' fees and costs incurred in this action as are recoverable at law;

(h) Award punitive and exemplary damages against Defendants in an amount to exceed $75,000.00; and

(i) Any other relief this Court deems just and proper.

                              Respectfully submitted,

                              **NELSON WORLDWIDE, LLC**

                              */s/ Lesley McCall Grossberg*
Lesley McCall Grossberg (PA Bar No. 208608)
ICE MILLER LLP
1735 Market Street
Suite 3900
Philadelphia, PA 19103
Telephone: (215) 982-5169
Facsimile: (215) 377-5008
Lesley.Grossberg@icemiller.com

*Pro hac vice* to be filed:

T. Earl LeVere
Ohio Attorney I.D. No. 0063515
Abigail J. Barr
Ohio Attorney I.D. No. 0092679
ICE MILLER LLP
250 West Street
Columbus, OH 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Earl.LeVere@icemiller.com
Abigail.Barr@icemiller.com

*Counsel for Plaintiff Nelson Worldwide, LLC*

16

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

>  /s/   *Lesley McCall Grossberg*
>  Lesley McCall Grossberg
>  PA Bar No. 208608